IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEUTSCHE BANK<br>NATIONAL TRUST COMPANY<br>    Plaintiff,<br><br>v.<br><br>CHAD D. HOPKINS, *et al*.<br>    Defendants. | No. 1:12-cv-1176-JBM-JEH |

**ORDER**

Now before the Court is the Defendants' Motion to Amend Answer Pursuant to FRCP 15(a)(2) (Doc. 24).  The Motion is fully briefed.  For the reasons stated herein, the Motion is DENIED.

**I**

The Plaintiff, Deutsche Bank National Trust Company (Deutsche Bank) filed its Complaint on June 4, 2012 seeking to foreclose the Defendants', Chad D. Hopkins's and Phyllis Nugent's, mortgage.  On August 28, 2012, the Defendants filed a Motion to Extend (Doc. 4) requesting and were granted additional time to answer or otherwise plead because they were then in negotiations for a modification of the mortgage at issue in this case.  On October 17, 2012, the Defendants filed a second Motion to Extend (Doc. 9), again requesting additional time to answer or otherwise plead while they awaited the receipt of certain documents and while they attempted to obtain counsel.  The second Motion to Extend was granted and the Defendants were given until February 28, 2013 to answer the Complaint.  They filed their original Answer (Doc. 10) on February 28, 2013, and by that time they had

1

obtained counsel to represent them in this matter. The original Answer did not include any affirmative defenses.

After the Plaintiff filed a Motion for Summary Judgment (Doc. 15), the Defendants sought an extension of time to file their response thereto so that they could both complete discovery and have more time to amend their Answer to possibly include third-party claims, counterclaims, and additional defenses. See (Doc. 17). The Court granted the Defendants until July 29, 2013 "to allow Defendants time to conduct discovery before filing their Response." See 5/28/2013 Text Order. On July 2, 2013, the Court held a discussion with the parties regarding discovery, and it was agreed that all necessary written disclosures would happen by August 8, 2013 and the parties would disclose to the Court by August 15, 2013 whether any further discovery was necessary. See 7/2/2013 Minute Entry.

On August 29, 2013, the Defendants filed a Status Report (Doc. 19) in which they indicated outstanding discovery needs. On November 26, 2013, the Court terminated the Plaintiff's then-pending Motion for Summary Judgment as obsolete because the parties entered into discovery after it was filed. A discovery schedule was put in place on January 15, 2014 which provided for all discovery to be completed by May 30, 2014 and dispositive motions to be filed by June 27, 2014. On June 26, 2014, the Plaintiff filed a Motion for Summary Judgment (Doc. 21) and later that day the Defendants filed their Motion to Amend Answer Pursuant to FRCP 15(a)(2) (Doc. 24).

## II

In their Motion to Amend Answer, the Defendants seek leave to file an amended answer that includes two affirmative defenses not included in their original Answer – a challenge to the Plaintiff's standing and a challenge based upon the Plaintiff's alleged failure to provide notice of acceleration to the Defendants. In making their request to amend, the Defendants state that their counsel did indicate to the Magistrate Judge and opposing counsel at the last scheduling conference

2

(January 15, 2014) the intention of filing an amended answer to add anticipated affirmative defenses and/or counterclaims once the discovery process was completed and discovery documents were analyzed. They further state that the Defendants' counsel contacted the Plaintiff's new counsel in April 2014 to inform the latter of the discussion at the scheduling conference regarding the intention to file an amended answer. The Defendants explain that affirmative defenses to the Plaintiff's allegations and claims only became apparent after a review and analysis of discovery and an independent investigation by the Defendants.

Federal Rule of Civil Procedure 15(a)(2) provides that, "a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v Stryker Corp.*, 630 F3d 546, 562 (7th Cir 2010) (citations omitted).

Here, the Defendants unduly delayed in seeking to amend their Answer where they waited until nearly a month after discovery closed, waited until the day before dispositive motions were to be filed, and waited until after the Plaintiff filed its Motion for Summary Judgment to file their Motion to Amend Answer. Notably, discovery essentially commenced as early as May 28, 2013 when the Court allowed the Defendants extended time to file their response to the Plaintiff's first Motion for Summary Judgment so that they could first conduct discovery. At that time, in May 2013, the Defendants were already representing that there should be facts and documentation which "would support future counterclaims and/or Third-Party claims" and that they had concerns to be confirmed during discovery which would necessitate other defenses against the Plaintiff. (Doc. 17 at pp. 2-3). While the Court understands that Federal Rule of Civil Procedure 11 imposes upon attorneys making representations to the Court that they make such representations only after

3

reasonable inquiry, certainly the Defendants would have been within the bounds of Rule 11 in setting forth their affirmative defenses much sooner than June 26, 2014 where they commenced discovery in May 2013. See FRCP 11(b).

It is also significant that the Defendants' first affirmative defense in their proposed Amended Answer challenges the Assignment of Mortgage which was attached to the Complaint and thus available to them for review and inquiry from the moment they were served with the Complaint.[1] The fact that they waited until *all* discovery was completed over one year later to request leave to amend shows undue delay on their part. While they may have continually asserted that they intended to file an amended answer to include counterclaims and/or affirmative defenses after the close of discovery, their assertions of intention did not change their obligation to avoid undue delay in doing so.

Another notable fact is that the Defendants did not seek leave to amend their Answer until after the Plaintiff filed its second Motion for Summary Judgment specifically emphasizing the Defendants' failure to include affirmative defenses in their original Answer. If not by the close of discovery on May 30, 2014, then shortly thereafter (but long before the dispositive motion deadline) should the Defendants have been able to articulate affirmative defenses and seek leave to file an amended answer to include them. Thus, it is not simply that the Defendants delayed so long in filing their Motion to Amend. Their timing in filing later on the same day that the Plaintiff filed the aforementioned Motion for Summary Judgment verges on being in bad faith. Their Motion to Amend is substantively a response to the Motion for Summary Judgment.

### III

Ultimately, the Court cannot find that justice requires that the Defendants be allowed to file an amended answer and affirmative defenses for the reasons set forth

---

[1] It is possible that the Defendants, as the mortgagors, were in possession of the Assignment of Mortgage even before the Complaint was filed.

above. The Defendants' Motion to Amend Answer Pursuant to FRCP 15(a)(2) (Doc. 24) is therefore DENIED.

Entered on August 13, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE